### COBB *et al.* v. RAMSDELL *et al.*

(*Supreme Court, General Term, Fifth Department.*    April 16, 1891.)

POOR AND POOR-LAWS—UNAUTHORIZED EXPENDITURES.

> In an action, under the tax-payers' act, (Laws N. Y. 1881, c. 531,) to restrain a levy to pay a warrant drawn in favor of the overseer of the poor for disbursements made by him, it appeared that the overseer had, in a number of cases, in good faith, and in ignorance of the existing statute, expended more than $10 for the relief of the poor, without having first obtained an order from a justice of the peace allowing the same, as required by said statute. The town auditors audited and allowed the claim for such expenditures, and at an annual town meeting it was resolved that the sum due the overseer for such expenditures be levied and assessed on the taxable property to pay the same, which was duly certified to the board of supervisors and an order for the payment thereof given. The town auditors, when they allowed the claim, were not aware of the statute requiring an order from a justice of the peace for the expenditure of more than $10 for the relief of the poor, and supposed that they were acting within their power. *Held*, that payment of the order so drawn for such expenditures would be enforced.

Appeal from special term, Monroe county.

Action by Amos H. Cobb and Alfred Potter against Jeremiah S. Ramsdell and others. The complaint was dismissed, and plaintiffs appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*W. Martin Jones,* for appellants.    *Walter S. Hubbell,* for respondents.

CORLETT, J.    In January, 1886, this action was brought under the tax-payers' act. Chapter 531, Laws 1881. The *gravamen* of the complaint was that

the defendant George A. Fellows, as overseer of the poor of the town of Perinton, in the county of Monroe, illegally expended large sums of money for the relief of the poor of the town, and that in many cases he expended more than the sum of $10, without an order allowing the same by a justice of the peace, or one of the superintendents of the poor of the county. The action was tried at an equity term in the county of Monroe, and in May, 1889, the complaint was dismissed on the merits as to all the defendants. Judgment was entered on the decision, and the plaintiffs appealed to this court. The trial justice found the following facts and conclusions of law:

"(1) That at all the times hereinafter mentioned the plaintiffs were and still are residents, freeholders, and tax-payers in the town of Perinton, in the county of Monroe, state of New York; that they are assessed in said town upon their property therein for an amount exceeding one thousand dollars, and they have the legal qualifications, as plaintiffs, to bring this action as prescribed by chapter 531 of the Laws of 1881. (2) That Jesse B. Hannan was, during the years 1884 and 1885, the supervisor of the town of Perinton, and that the defendant Jeremiah S. Ramsdell was during the same time town-clerk of said town; that the defendants Orlando P. Simmons, Walter T. Gage, Harrison J. Wooden, and Josiah G. Aldrich were, during the years 1884 and 1885, and down to the time of the commencement of this action, justices of the peace in said town; that the foregoing persons constituted the board of town auditors of said town during the years 1884 and 1885, and down to the time of the commencement of this action; that the defendant John M. Williams was the collector of said town from the 4th day of March, 1885, down to the time of the commencement of this action; and that the defendant George A. Fellows was, during the year 1884, down to and after the 24th day of February, 1885, one of the overseers of the poor of said town. (3) That on the 24th day of February, 1885, the defendant George A. Fellows rendered to the board of town auditors of said town, at their regular meeting, an account of all moneys received by him, as such overseer, for the relief of the poor of said town during the preceding year; that by said account it appeared that the said Fellows had expended for the relief of said poor persons, and in or about his business as overseer of the said town, the sum of $1,262.33; that he had received from the officers of said town the sum of $793.94, and by said account there appeared to be due to the said George A. Fellows, as overseer of the poor, the sum of $468.99; that he presented vouchers for said expenditures of money; and that the said board audited and allowed the said account the same as presented. (4) That by said account it appeared that the said Fellows had expended, for the relief of the poor persons and their families of said town, more than the sum of ten dollars in each case in the following cases, and for the relief of the following named persons:

"For the relief of Mrs. A. Dickenson,        -        -        -        -        $173 48
 "     "      "      " Mrs. L. Bucher,     -        -        -        -         47 85
 "     "      "      " Calvin Barney,        -                -        -         14 80
 "     "      "      " C. D. Titus and family,      ·                -         45 73
 "     "      "      " Mrs. Barnes,        -             ·        -        -         51 78
 "     "      "      " Henry Gimble,     -        -                -         17 75
 "     "      "      " Mrs. Mary Dickenson,        ,                -         11 17
 "     "      "      " Patrick McGrail,     -        -                ·         19 92
 "     "      "      " Mrs. Polly Lyons,     -        ·        ◦        -         16 70
 "     "      "      " E. Milliman,     -        -        ,        ◦         65 70
 "     "      "      " Mrs. McCumber, ·     -        -        -         26 75
 "     "      "      " Mrs. Holdridge,   -,        -        -        -          5 70
 "     "      "      " Jenny Williams' child,        -        -        -         10 00
 "     "      "      " John Thrasher and family,        -        -         51 20
 "     "      "      " Mrs. Bushnell,        -        -        -        -         43 20

"That the said Fellows did not, before expending the said sums, or any of them, apply to any justice of the peace of said town, nor were the facts and

circumstances of any case examined by any justice of the peace of said town, nor did the said Fellows, before making such expenditures, have any order in writing from any justice authorizing any such expenditures; that, in addition to the sums mentioned hereinbefore, the said Fellows expended, in each case, the sum of ten dollars over and above the amount stated in this finding to have been expended.  (5)  That the said account so furnished was an itemized account, and that in said account there was a large number of charges for fire-wood furnished to such poor persons by said Fellows.  The fire-wood so furnished belonged to the said Fellows, and was actually furnished by him, and was charged by him to said town at the market price at which he was accustomed to sell the same; that the said wood was actually furnished, and in good faith, by the said Fellows for the relief of such poor persons.  (6)  That in said account so rendered to the board of town auditors, as aforesaid, the said Fellows claimed to be allowed the sum of $84.50 for personal services by said Fellows rendered in the performance of his duties as overseer of the poor of said town, and that the amount so charged for personal services was audited and allowed by said board of town auditors; that the said charges were not excessive, and were properly audited and allowed.  (7)  That the annual town meeting of said town was held on the 4th day of March, 1885, and the following resolution was adopted: 'Resolved, that the sum of $468.99 be levied and assessed upon the taxable property of the town of Perinton to pay George A. Fellows, overseer of the poor of said town, that being the amount due him by said town, for the relief afforded him for the relief of said persons in the years 1884 and 1885.'  (8)  That said resolution was adopted at an open town meeting of said town; that voting by ballot was suspended about half past twelve, and said resolution was offered and passed before two o'clock of that day.  (9)  That Jesse B. Hannan, Jeremiah H. Ramsdell, Orlando P. Simmons, Walter T. Gage, Harrison J. Wooden, and Josiah G. Aldrich, on or about the 14th day of November, 1885, prepared a certificate, as required by law, of the town charges for the board of supervisors of said county; that in said certificate was included the amount of $468.99 found to be due the said George A. Fellows, and with interest computed thereon to the usual time of payment of said certificate amounted in all to $492.44; and that said certificate was presented by said supervisor of said town to the board of supervisors of the county of Monroe.  (10)  That said board of supervisors caused the amount of said certificate, including the $492.44, to be levied and assessed upon the said town of Perinton, and that the warrant for the collection of said taxes was made out and placed in the hands of the said John M. Williams, the collector of said town.  (11)  That the clerk of the board of supervisors, before the commencement of this action, drew an order for the payment of the said sum of $492.44, which was delivered to the said George A. Fellows; that before the commencement of this action the said George A. Fellows, for a valuable consideration, duly sold and assigned the same to the defendant William Fellows, who was, at the time of the commencement of this action, the owner and holder thereof.  (12)  That the amount of said order has not been paid to the said William Fellows, nor to any other person, but the payment of the same is now awaiting the result of this action.  (13)  That in the year the said Fellows was overseer of the poor, and when he expended the sums of money mentioned in the fourth finding of this decision, in excess of ten dollars for each family, none of the defendants were aware of the existing statute which made it necessary to procure a written order from a justice of the peace before expending more than ten dollars relief for any person or family, nor did the said George A. Fellows, nor any member of the board of town auditors, intend in any way to defraud the said town or allow any illegal charge; that the said board of town auditors, when they allowed the said bill, supposed that they were acting within their power.  (14)  That when the resolution above mentioned was passed at the town meeting, direct-

ing the payment of the said sum of $468.99 to the said George A. Fellows, an itemized statement was presented at the town meeting at open meeting, but the same was not read; that at the time of voting upon the said resolution it was not stated to the electors of the town that the auditing of said account was illegal, or that no orders of any justice of the peace had been made as required by the statute before the expenditure of the said money by the said Fellows; that no one present called attention to the fact or knew anything about the requirement thereof. (15) That the defendant Simmons was not present when the said account was audited, nor did he take any part in the auditing of the same; that at the time of the commencement of this action said Jesse B. Hannan was made a party defendant thereto; that after said action had been tried, and before it had been submitted, the said Hannan died; (16) that at the time of the commencement of this action the plaintiff believed that the record of the town meeting was correct, and it was not ascertained that said record was not correct until the trial of this action had been partly had; that said plaintiffs believed that the amount allowed the said George A. Fellows was illegally allowed; and that the said action was brought in good faith to settle the question as to the right of the overseer of the poor to expend over ten dollars for the relief of any one family without a written order from a justice of the peace.

"I find as conclusions of law: (1) That the said George A. Fellows had no authority to expend more than ten dollars for the temporary relief of any one person or family without a written order from one of the justices of the peace of said town. (2) That the audit and allowance of the account of the said George A. Fellows, which admitted of the expenditure of more than ten dollars for certain persons and families, without a written order from one of the justices of the peace of said town, was outside the jurisdiction of the said board of town auditors, and so illegal and void. (3) That the resolution hereinbefore mentioned, which was passed at the town meeting on the 3d day of March, 1885, was within the power of the said town meeting, and that it was duly passed. (4) That the said resolution was binding and valid, and that the board of town auditors are bound thereby, and required to include in the said certificate the said sum of $492.44 to pay up the said Fellows, that being the amount found to be due him as aforesaid. (5) That the order issued for the payment of the said sum was legal, and properly issued, and the same is a valid order in the hands of the said William Fellows, the assignee thereof, and that the amount of said order, held to await the result of this action, should be paid to the said William Fellows. (6) That the defendant William Fellows is entitled to judgment that the said money should be paid to him. (7) That all the defendants are entitled to judgment that the complaint in this action should be dismissed on the merits, but without costs."

The evidence warranted the above findings. The trial court properly disposed of the case. It is entirely clear that no fraud was intended or practiced by the overseer of the poor, or any other officer of the town. The formality of getting a certificate of the justice of the peace or the superintendent of the poor for expenditures of more than ten dollars, was omitted for want of knowledge of the existence of the statute requiring it. But nothing was paid or allowed which had not been honestly expended for the benefit of the poor. The omission to obtain a certificate resulted in no practical wrong, or the infliction of any pecuniary damage or injury. The tax-payers' act was not intended to include cases of inadvertence or mistake, which resulted in no damage. The questions in controversy on the trial were earnestly and sharply litigated. Numerous rulings were made and exceptions taken. But no errors were committed which would warrant a reversal. The judgment must be affirmed.

All concur.