### EDWARDS v. FORD et al.

(Supreme Court, Appellate Division, Third Department. November 10, 1897.)

1. BRIDGES BETWEEN TOWNS—REPAIRS.

　　The north abutment and approaches thereto of a bridge across a river between the towns of M. and G., being in the town of M., under Laws 1865, c. 180, as amended by Laws 1866, c. 106, § 6, which provides that the commissioners of highways "are hereby required, at an equal expense to each

town, out of any moneys raised for highway purposes, to keep said bridge in repair and in good condition," were a part of the bridge, and the town of G. was jointly liable for repairs.

**2. SAME.**

Evidence that the commissioners of the town of M. had, since the bridge was built, made all repairs upon its side, was not admissible to show that the town of M. considered itself solely liable.

**3. SAME—PAYMENT BY TOWN—RECOVERY.**

The commissioners of highways for the two adjoining towns made a contract to repair the bridge, which was necessary, properly done, and worth the amount fixed, although without the consent of the town board, and was entered into by all parties with the expectation that the expense would be borne equally by the towns, and afterwards a statement of the expense was informally presented to the board of town auditors, and, without being formally audited, was included in the amount stated in the certificate of the board as necessary to be raised for the commissioners of highways. The amount was thereafter raised by tax, and paid to the highway commissioners, and by them to the parties who did the work, and the account was afterwards approved by the town board. *Held,* that the subsequent approval by the town board was a ratification of the acts of the commissioners, so far as they had power to do so, and, the debt being just, it would be inequitable to order a restoration under Laws 1892, c. 301, relating to protection of taxpayers.

Appeal from judgment on report of referee.

Action by J. S. Glen Edwards against defendants George M. Ford and others. From a judgment in favor of defendants, plaintiff appeals. Affirmed.

This is a taxpayers' action, brought in January, 1896, to compel the defendant Ford, a contractor, and the other defendants, commissioners of highways of the town of Glen, to restore to the town of Glen about $1,200, alleged to have been illegally paid to the defendant Ford by collusion of the other defendants, and also a small amount paid to defendant Yates. It was held by the referee that Ford and Yates, having received no more of the moneys of the town of Glen than the value of the services rendered, of which the town of Glen had received and will retain the benefit, it would be inequitable to compel a restitution. The complaint was dismissed. The appeal is heard upon the judgment roll, except that a bill of exceptions raises a question as to the admissibility of certain evidence referred to in the opinion.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Andrew J. Nellis, for appellant.

R. B. Fish, for respondents.

MERWIN, J. The sums in controversy here represent one-half the expense of putting into a good state of repair in September ·or October, 1894, the walls of the north approach and abutment of a bridge across Mohawk river, between the towns of Glen and Mohawk, in the county of Montgomery. Prior to 1866 there was at this locality a toll bridge. By chapter 180 of the Laws of 1865, as amended by chapter 106 of the Laws of 1866, provision was made for the construction at that point of a free bridge, which should be a joint bridge between the two towns. Provision was made for receiving subscriptions, and, when those amounted to $2,000, provision was made for raising the further sum of $23,000, one-half thereof upon the credit of each town. The commissioners in charge were, among other things, authorized to purchase the necessary site and rights

of way therefor. By the sixth section it was provided that the commissioners of highways of the two towns "are hereby required at an equal expense to each town, out of any moneys raised for highway purposes, to keep said bridge in repair and in good condition." The bridge was then built at which the repairs in question were made. The north abutment and approaches thereto, upon which the repairs were made, were in the town of Mohawk, and the plaintiff claims that the referee erred in holding that the approaches were a part of the bridge, and therefore a liability on the town of Glen to join in their maintenance. The toll bridge occupied substantially the same site as the present one, and there was in each town a highway leading up to it. The land at the north, or Mohawk, end of the bridge was about 12 feet lower than the riding surface of the bridge, which was made accessible by an inclined approach, made of earth, confined at the abutment, and for some distance northerly, by side walls. At the south end of the bridge in the town of Glen the land was much nearer on a line with the bridge. About 1865 or 1866 the toll bridge was carried away, and thereafter the present bridge was built, a new abutment being built in the town of Glen, and the old abutment in the town of Mohawk being retained in the construction of the new bridge. The approaches as they now exist are substantially the same as were in existence at the time of the destruction of the toll bridge, except that the approach on the north side is about a foot higher. The side walls of this approach consisted of a wing wall beginning at the northerly abutment of the bridge, and a retaining wall ending at a point some 100 feet northerly of the abutment. These walls existed in substantially the same condition at the time of the destruction of the toll bridge and the building of the present bridge, and they supported the sloping approach, and protected it from the ice and water in times of freshet. The repairs in question were on these walls and the north abutment.

Upon the facts found by the referee, no error is apparent in the holding that the approaches at which most of the repairs were done were part of the bridge. In re Freeholders of Irondequoit, 68 N. Y. 376, 379; Hayes v. Railroad Co., 9 Hun, 63; Hawxhurst v. Mayor, etc., 43 Hun, 588; Gray v. City of Brooklyn, 7 Hun, 632; Board v. Strader, 18 N. J. Law, 108, 112; Elliott, Roads & S. 21; 4 Am. & Eng. Enc. Law (2d Ed.) 941. The bridge was inaccessible without them, and they were necessary to its protection. They were evidently treated as a part of the bridge at the time it was built at the joint expense of the towns. The plaintiff claims that the referee erred in excluding evidence that since the building of the bridge in 1866 the commissioners of highways of the town of Mohawk had kept in repair the approaches on the north side, and that the commissioners of the town of Glen had not done any part thereof. This is claimed to be material on the theory that it tended to show that the town of Mohawk understood that it was solely liable for all repairs to the northern approach, whether ordinary or extraordinary, and that, therefore, the approaches were not a part of the bridge. By the statute the expenses of repair were to be

borne equally by the towns. The fact that the town of Mohawk may have done the ordinary repairs upon its side would not show an unequal division, in the absence of evidence of what the repairs were upon the other side that may have been done by the other town. We cannot assume that an unequal division was made, and, if not, the evidence offered would not help in the determination of the question whether the approaches were a part of the bridge. Besides, it is not clear that the acts of the commissioners would estop the town. No error is apparent in the exclusion of the evidence. The plaintiff claims that the referee erred in finding that the defendants acted in good faith. In the absence of the evidence given on the trial, that question cannot well be considered. Upon the facts as found by the referee, it should not be said as matter of law that the defendants acted in bad faith.

The further question is whether a case is presented for compelling restoration under the act for the protection of taxpayers (chapter 673, Laws 1887, as amended by chapter 301, Laws 1892). The burden of providing for one-half the expense of keeping the bridge in repair was upon the town under the act of 1866, and by the general provisions of the highway law in relation to bridges (section 130 et seq.) adjoining towns are made jointly liable for the expense of repairing bridges constructed over streams forming the boundary line between such towns. In the present case the commissioners of highways for the two towns made a contract with defendant Ford for the performance of the work, and upon the findings we must assume that the work was necessary for the proper repair of the bridge, was properly done, and was worth the amount fixed. This contract was entered into by all parties with the expectation that the expense would be borne equally by the towns. A statement of the expenses was informally presented to the board of town auditors at its meeting in November, 1894, and, without being formally audited, one-half the expense was included in the amount stated in the certificate of the board as necessary to be raised for the commissioners of highways. The amount was thereafter raised by tax in the usual way, and paid to the highway commissioners, and by them to the parties who did the work, and the account of the commissioners containing a statement of these payments was afterwards approved by the town board. The commissioners of highways did not apply for the consent of the town board, as they probably might have done under section 10 of the highway law. Still the town board, by its subsequent approval, somewhat irregular in its form, ratified in substance, as far as it had power, the acts of the commissioners. The commissioners did not take the vote of any town meeting under the provisions of section 9 of the highway law. It seems to be conceded that section 134 et seq. of the highway law provide for the making of joint contracts with reference to the building of a bridge like the one in question, but it is said that they give no added power for the expenditure of moneys. The contracts made under the authority of those sections evidently bind the towns to pay their respective proportions of the expense. A payment by a town of its proper share in such a case, however in-

formal it might be, would be the payment of a legal debt. It is not claimed here that the amount is too large, but that it was not properly authorized. I am inclined to the opinion that the referee did not err in holding that it would be inequitable to order restoration. The cases of People v. Denison, 19 Hun, 137, and Cobb v. Ramsdell (Sup.) 14 N. Y. Supp. 93, support the view of the referee. See, also, People v. Smith, 83 Hun, 432, 31 N. Y. Supp. 749. Under the situation as here presented, the town has paid no more than it ought to pay, and therefore it should not be said that there has been any waste or injury, within the meaning of the act under which the action is brought.

A point is made as to the allowance by the referee of costs against the plaintiff. That was in the discretion of the trial court, and, in the absence of the evidence in the case, we cannot well review it.

Judgment affirmed, with costs. All concur, except LANDON, J., not voting.