Wertie Lee Deyoe, as Executrix of the Last Will and Testament of Augustus Deyoe, Deceased, Claimant, v. The State of New York, Defendant.

Claim No. 15289.

(State of New York, Court of Claims, June, 1920.)

Negligence — when state not liable for damages — bridges — highways — Highway Law, §§ 2, 74.

At a point on the unguarded northerly side of the approach to the eastern end of a bridge which, because its span was more than five feet, was not a part of the highway as defined by section 2 of the Highway Law, claimant's testator, who was driving a horse and cutter between half past eleven o'clock on a March night and half past five the next morning, was with his horse and cutter precipitated over the edge of said approach into the creek and drowned. *Held,* that the approach to the bridge was a part thereof and that as under section 74 of the Highway Law all damages resulting from defects in the bridge caused by the neglect of the superintendent of highways of the town in which the bridge lies, the town and not the state was liable, therefore a claim for damages against the state for causing said death, based upon the alleged negligence of the state commission of highways for failure to provide a suitable barrier at the point where the accident happened, will be dismissed.

Claim for damages alleged to have been caused by the negligence of state commission of highways.

Butler, Kilmer & Corbin, for claimant.

Charles D. Newton, attorney-general, and A. A. Armitage, deputy attorney-general, for defendant.

Smith, J. By this claim claimant, as executrix, seeks to recover damages sustained because of the

death of her husband, alleged to have been caused by the negligence of the state commission of highways.

The claim alleges, in substance, that on the late night of March 2, 1917, or the early morning of March 3, 1917, between the hours of eleven-thirty P. M. and five-thirty A. M., claimant's testator was riding in a cutter drawn by one horse driven by himself upon a highway known as state and county highway No. 244, in the county of Saratoga, maintained by the state by the patrol system, and that while so traveling, at a point in said highway on the northerly side of the approach at the easterly end of the bridge spanning Fish creek, just west of the hamlet of Grangerville, he was, without fault on his part, and wholly by reason of the negligence of the department of highways of the state of New York, precipitated with his horse and cutter over the edge of said approach to said bridge into the creek and was drowned.

The claim further alleges that the easterly approach to the bridge was narrow and built up and the northerly side an unguarded, precipitous high bank sloping to the creek, and that no barrier had been erected or maintained at the time of the accident to guard the bank at that point, and this failure to provide and maintain a suitable barrier is charged as negligence which caused the death of claimant's testator.

The highway was a county highway constructed by the state, its cost being divided between the state and the county of Saratoga in the manner provided by law. The bridge was constructed by the town of Saratoga, in which it lies, in 1882. It has a span of 152 feet and was 16 feet in width between trusses.

The easterly end of the bridge rests upon an abutment of masonry which it is evident from the maps and photographs received in evidence was erected at a point somewhat west of the east bank of the creek.

From the north and south ends of this abutment, wing walls extending northeasterly and southeasterly,. respectively, have been constructed, extending up for a short distance from the creek bottom, but not to the level of the bridge or highway. This east abutment and these wing walls have their footings in the creek bed. The northerly wing wall is about fifty feet long and the southerly one about eighteen feet long, as scaled from the maps received in evidence. These wing walls serve as retaining walls to support the slope of the approach to the east end of the bridge, which approach has been built up between and above them for a distance of at least twelve feet east of the easterly end of the bridge superstructure.

Within the limits of the approach the road is narrower than it is easterly thereof, and the slope to the water at the northerly side of the approach is quite abrupt, being at an angle of about forty-five degrees, while easterly of the approach for a considerable distance the slope is gradual and very slight, and the distance from the north side of the shoulder of the road to the creek is sufficient to afford safety to one straying temporarily from the traveled part of the highway.

There is no direct evidence as to the exact point from which claimant's testator slipped or fell into the creek or of the circumstances of the accident, but upon all of the evidence it is clear that, as alleged in the claim, the accident happened within the limits of the bridge and its easterly approach, which was not guarded by a railing or other barrier to protect a traveler from straying or falling from the roadway over the embankment and into the stream.

At the close of the case the attorney-general, for the state, moved for the dismissal of the claim upon the ground, among others, that the accident occurred

upon the approach to the bridge, that the approach was a part of the bridge and that no duty rested upon the state to maintain the approach, and that hence claimant had failed to establish a valid claim against the state. Decision of the motion was at that time reserved. After due consideration I have concluded that the motion to dismiss must be granted. The approach to the bridge was a part of the bridge structure, as necessary to afford a crossing of the creek as the superstructure. *Gray* v. *City of Brooklyn,* 7 Hun, 632; *Hayes* v. *New York C. & H. R. R. R. Co.,* 9 id. 63; *Edwards* v. *Ford,* 22 App. Div. 277; *Matter of Freeholders of Irondequoit,* 68 N. Y. 376; *Lehigh Valley R. R. Co.* v. *Canal Board,* 204 id. 471, 477. The state is not liable for the negligence of its officers and agents unless liability has been assumed by statute. *Smith* v. *State of New York,* 227 N. Y. 405. Such measure of liability for defects in state and county highways as the state has assumed is stated in section 176 of the Highway Law (Laws of 1909, chap. 30), which denies liability for defects in bridges over which the state has no control. The span of this bridge being more than five feet, it was not a part of the highway as defined by section 2 of the Highway Law.

The cost of construction and the expense of maintenance and repair of this bridge and its approach are charged by statute upon the town in which it lies, and the duty of its inspection, superintendence and repair is charged upon the town superintendent of highways of that town. Highway Law, §§ 47, 250. For all damages resulting from defects in highways and bridges existing because of the neglect of the town superintendent of highways, the town, not the state, is liable. Highway Law, § 74.

If a guard rail or other barrier was necessary at the approach to this bridge in order to afford reasonable

protection against accidents of the nature which caused the death of claimant's testator, it was the duty of the town superintendent, not the state, to provide it.

Claimant has failed to establish a valid claim against the state, and the claim must be dismissed.

ACKERSON, P. J., and MORSCHAUSER, J., concur.

Claim dismissed.