WERTIE LEE DEYOE, as Executrix, etc., of AUGUSTUS DEYOE, Deceased, Appellant, *v.* THE STATE OF NEW YORK, Respondent.

Third Department, July 7, 1921.

**Court of Claims — dismissal of claim without findings amounts to nonsuit — highways — State highway maintained under patrol system — claim against State for negligence in failing to maintain guard rail or other barrier on State road at " approach to bridge " — approach to bridge where accident happened was part of highway and not part of bridge and State is liable.**

A judgment entered upon the dismissal of a claim is one of nonsuit where no findings are made.

In an action against the State to recover for the death of the plaintiff's testator alleged to have been caused by the negligence and failure of the State to maintain a guard rail or other barrier on a State road, maintained under the patrol system, at or on the easterly approach of a bridge, the words in the claim " approach to the said bridge " were used in their popular and not in their technical sense as relating to a bridge, and the allegation was intended to convey the idea that it was at the point, where the highway approaches the bridge.

On all the evidence, *held,* that the defect in the highway, from a want of barriers, if there was a defect, was the fault of the State and not of the town authorities and that it was error for the court to hold as a matter of law that the State was not liable on the ground that it was the duty of the town superintendent of highways to maintain such barriers.

APPEAL by the claimant, Wertie Lee Deyoe, from a judgment of the Court of Claims, entered in the office of the clerk of said court on the 15th day of July, 1920, pursuant to an order entered in said clerk's office on the same day dismissing the claimant's claim.

*Butler, Kilmer & Corbin* [*Walter P. Butler* and *Harold H. Corbin* of counsel], for the appellant.

*Charles D. Newton, Attorney-General* [*Carey D. Davie, Deputy Attorney-General,* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The claim is that the defendant negligently failed to maintain a guard rail or other barrier on its State road as it enters a bridge, the road being maintained under the patrol system, and that the plaintiff's intestate, by reason of the said negligence, met his death by falling from the road into the stream.

A motion to dismiss the claim was granted. No findings were made. The opinion shows that the claim was dismissed upon the ground that the alleged defect in the highway was upon an approach to the bridge and at a place for which the State is not responsible. (112 Misc. Rep. 423.) The claimant contends that the judgment was a nonsuit, and the respondent justifies the fact that no findings were made by section 1021 of the Code of Civil Procedure, which provided that in case of a nonsuit findings are not necessary. There is, therefore, no difficulty in concluding that the plaintiff was nonsuited. The court does not pass upon the question of the decedent's contributory negligence, or whether or not there was negligence in failing to maintain a barrier on the highway. It is sufficient to say upon those questions that there was at least a question of fact.

The wording of the claim is unfortunate. It alleges that the place where the claim arose was on the State or county highway leading from Saratoga Springs to Schuylerville, at

or on the easterly approach of the bridge, and that the situation was dangerous and was a defect in the highway caused by the defendant's negligence. Evidently the words "approach to the said bridge" in the claim were used in their popular and not in their technical sense as relating to a bridge, but it is distinctly alleged that the defect was in the highway itself, and the allegation was evidently intended to convey the idea that it was at the point where the highway approaches the bridge. There is no question but that was the construction of the pleading by the court and by the parties at the trial. The opinion, which holds that the defect was at "the approach to the bridge," does not refer to the wording of the claim and a little incident of the trial makes it very clear that the word "approach" in the claim did not mislead or cause confusion. At the close of the plaintiff's case the defendant made a motion for a nonsuit to the effect that a cause of action was not alleged and that the court had no jurisdiction. The court endeavored to learn from counsel what the basis of the motion was, but had difficulty. At last it developed that the defects relied upon were that the claim did not state the death of the intestate, or that he left persons who by law are given a cause of action for his death. The court criticised the counsel for concealing the ground of its motion, and permitted an amendment, and then said: "Now, in what other respect is the complaint demurrable?" The defendant's counsel replied: "No other respect." If the complaint had shown that the defect was upon the approach of the bridge, technically so called, the complaint clearly would have been demurrable. It is, therefore, too late to spend any time about the form of the claim.

The bridge, at its highest point, measured from the floor to the top of the ice, was three feet eight inches, and upon the side of the bridge where the accident occurred the ground was substantially level for a long distance. The bridge had been constructed in 1882. At the end was a retaining wall, and the road had been filled in at prior times. When the State began the construction of the State and county highway at this place, the plans and specifications of the work actually embraced the space up to the floor of the bridge. The State construction and care extended only to the floor of the bridge. The State had no right to build a highway upon the approach

of a bridge if that approach was a part of the bridge. The evidence is, therefore, quite satisfactory that the defect in the highway, from a want of barriers, if there was a defect, was the fault of the State and not of the town authorities. The court determined the question as one of law. We quote the concluding clause of the opinion: " If a guard rail or other barrier was necessary at the approach to this bridge in order to afford reasonable protection against accidents of the nature which caused the death of claimant's testator, it was the duty of the town superintendent, not the State, to provide it."

The judgment and order are, therefore, reversed and a new trial ordered.

All concur.

Judgment reversed and new trial granted, with costs to appellant to abide event.