JOSEPHINE CARBONELLI, Respondent, *v.* CITY OF AMSTERDAM, Appellant.

Third Department, July 7, 1921.

**Municipal corporations — special and local assessments — statute (Laws of 1888, chap. 131) by which city of Amsterdam acquired bridge required it to keep property in repair — cost of sidewalk built on said bridge property cannot be assessed against abutting owner — Laws of 1911, chapter 242, relating to said city, saving clause applied — rule of practical construction applied.**

Under chapter 131 of the Laws of 1888 the village of Port Jackson was annexed to the city of Amsterdam, and by the same act it was provided that the bridge between the two places should be under the charge and control of the common council of the city of Amsterdam, and that it should be the duty of the council to keep the same in repair at the expense of the city, to be levied and collected as other taxes are levied and collected for like purposes. In an action to recover back an assessment levied against the plaintiff's property, which abutted the bridge approach, for the cost of the construction of a sidewalk on the bridge property taken over as aforesaid, *held*, that by virtue of the saving clause in chapter 242 of the Laws of 1911, an act amending, consolidating and revising

the several acts relative to the city of Amsterdam, the cost of the construction of said sidewalk could not be assessed against the abutting landowner.

Furthermore, the potency of said saving clause has been repeatedly recognized and confirmed by the city since the enactment of the statute and the rule of practical construction applies.

APPEAL by the defendant, City of Amsterdam, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Montgomery on the 24th day of January, 1921, upon the decision of the court rendered after a trial at Chambers, a jury having been waived.

*Ambrose P. Fitz-James*, for the appellant.

*J. H. Dealy*, for the respondent.

KILEY, J.:

The plaintiff by ample evidence sustained all of the allegations of her complaint upon the trial of this action, viz.: That by chapter 123 of the Laws of 1813 the Amsterdam Bridge Company was incorporated; that the purpose was to build a bridge over the Mohawk river between the towns of Amsterdam and Florida in the county of Montgomery, and said corporation was authorized and empowered to purchase or condemn lands necessary for the construction of said bridge and the approaches thereto. The said corporation as a source of revenue was authorized to construct a tollgate and house on said bridge or its approach, and to charge and collect fares and tolls for crossing the same; said structure was to be kept in repair by said corporation, and in default thereof the whole should revert to the original owners. By chapter 77 of the Laws of 1820–21 the Legislature in 1821 amended and altered generally the charter of said corporation, and extended its corporate life. The corporation did all that was required of it under its charter. In 1864 the village of Amsterdam was at one end of said bridge and the village of Port Jackson at the other end. By chapter 352 of the Laws of 1864 the said villages of Amsterdam and Port Jackson were author-

ized and required to purchase from said bridge company its property for the sum of $23,000; that thereafter the title to said bridge property should be in the towns of Amsterdam and Florida, and it was provided that the trustees of said villages at the expense of said towns should keep said property in repair, assessing the expense thereof against the property of said towns. This was done. In 1885 the city of Amsterdam was incorporated and as to this bridge succeeded to the rights and liabilities of the village and town of Amsterdam (Laws of 1885, chap. 131, § 103); in 1888 Port Jackson was annexed to the city of Amsterdam by chapter 131 of the Laws of 1888. By this last act the defendant acquired all of the bridge property and succeeded to all of the rights and liabilities of the village and town of Amsterdam and the village of Port Jackson and town of Florida. That act (amdg. City Charter, § 103) provided with reference to said bridge as follows: " The common council of the city of Amsterdam shall have charge and control of the bridge over the Mohawk river, and it shall be their duty to keep the same in repair, at the expense of the city of Amsterdam, to be levied and collected as other taxes are levied and collected for like purpose." This is the last enactment of the State Legislature we find directly referring to the bridge in question. Chapter 242 of the Laws of 1911 is entitled: " An act to amend, consolidate and revise the several acts relative to the city of Amsterdam." By section 1 the act shall be known as the Amsterdam City Charter. The 2d section of said act, entitled " corporate powers," subdivision 6, reads: " To have and exercise all the rights, privileges, *functions* and *powers* now prescribed and exercised by it under existing or subsequent laws and not inconsistent with the provisions of this act." Section 160 of said act, entitled " repeal," refers to the acts consolidated, revised, etc., and provides: " but such repeal shall not revive any act or part thereof heretofore repealed, *nor affect any act done, right vested or established* * * *. Nothing herein contained shall be construed so as to *destroy, impair* or *take away* any property vested *or any right or remedy acquired* by or under *any* act hereby repealed." The Mohawk river passes through said city in an easterly and westerly direction; it is crossed by a bridge which is approached from the north and

the south on a street designated and maintained by said city as Bridge street. This bridge is approached from the south by a high embankment for hundreds of feet back from the bridge. This was constructed by the original bridge company, incorporated under the Laws of 1813 (*supra*), as a part of that enterprise and bridge. The surface of this approach is twenty feet above the land level at the bridge and slopes back until it merges with the highway or street at a grade level with the natural surface of the ground in that locality. The plaintiff purchased the vacant lot east of said approach and south of the bridge, her lot being bounded on the west by Bridge street. She built a building upon a foundation constructed by her on her own land and independent of the wall of the approach, which approaching wall tapered from its extreme east line upward toward the level of the approach. Between her building and the east line of the approach, and as a part of said approach, the city built a foundation and laid a sidewalk. It appears from the evidence that the sidewalk and foundation aforesaid became out of repair or insufficient for the growth and advancement of the city, and in 1917 the common council of the appellant city built a new walk along and in front of plaintiff's property, but on the city property taken over as aforesaid, and taken over under the conditions above set forth, and assessed the cost against the plaintiff's property. This action was taken under the provisions of the law of 1911 (*supra*). To avoid a sale of her property the plaintiff paid the amount assessed against her, but paid it under protest, thus saving her rights for any future move that she might be advised was available to her. She sued the city and was successful; the city appealed. The city justifies its action by relying on the law of 1911 (*supra*). If there was no other law involved, its position would be impregnable; but we have seen that this same law saves any and all rights theretofore existing under any statute theretofore enacted and under which such rights had been created. The potency of this saving clause, section 160, in the statute of 1911 aforesaid, has been repeatedly recognized and confirmed by the city since said enactment. In 1913, 1914 and 1917 such instances occur, and this plaintiff is the only one and her case is the only exception to the general rule followed

since 1864.   These acts have been uniform and the rule of practical construction applies. (*Mayor, etc.,* v. *Starin,* 106 N. Y. 1; *Power* v. *Village of Athens,* 99 id. 592.)   That the approaches are part of the bridge has been settled in this department. (*Edwards* v. *Ford,* 22 App. Div. 277.)   There are many decisions in this State to the same effect.   The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs.