Rose Kolacki, Claimant, *v.* The State of New York, Defendant.
(Claim No. 18711.)

Court of Claims, March 21, 1930.

*L'Hommedieu & Whedon*, for the claimant.

*Hamilton Ward, Attorney-General* [*Edward J. Clark, Deputy Assistant Attorney-General*, of counsel], for the State of New York.

BARRETT, P. J. Ingersoll street is a public highway in the village of Albion, running in a northerly and southerly direction and intersected by the Barge canal. About the year 1914 to replace an existing bridge the State constructed a bridge over the canal at Ingersoll street. At about the time of the completion of the bridge, the State also constructed on the west side of said street from East Bank street to the bridge, a distance of about 176.4 feet, a concrete sidewalk 6 feet wide. This sidewalk replaced an existing sidewalk which had become unsuitable by reason of the lowering of the place where the new bridge was built.

In the evening of June 18, 1928, claimant, who lived in the village of Albion, was walking on said walk from the south toward the bridge when she stepped into a hole or depression in the walk, causing her to fall and sustain injuries, for which injuries this claim was filed.

The place in the sidewalk where claimant fell was about seventy-four and seven-tenths feet from the bridge and the south wall of the canal.

Section 121-a of the Canal Law (added by Laws of 1926, chap. 678) imposes upon the State the obligation to maintain this bridge, and it is the contention of claimant that such obligation carries with it the duty of maintaining the approaches to the bridge, and that this sidewalk was such an approach.

Claimant made no attempt to prove that the accident happened on or opposite State land. In fact, the evidence is to the contrary, the State's witnesses placing the point of the accident at forty-seven and seven-tenths feet southerly from the State's lands. That such point was not on State lands is also apparent from the fact that it is opposite private property.

Claimant's theory is that regardless of whether the accident was on State land, it was the duty of the State after having laid the sidewalk to maintain it in a reasonably safe condition for those using it as the approach to the bridge.

It is well settled in this State as well as in other jurisdictions that the term " bridge " includes not only the structure spanning the stream but also the approach by which access to the bridge is obtained. (*Edwards* v. *Ford*, 22 App. Div. 277, and cases cited.)

The State, therefore, being bound to maintain the bridge was equally bound to maintain its approaches. This brings us to the question as to whether the sidewalk was such an approach.

In *Edwards* v. *Ford* (*supra*), one of the cases relied upon by claimant, that which was held to be an approach and required to be repaired under a statute providing that a bridge should be repaired, consisted of an embankment made of earth and confined at the abutment and for a distance therefrom by side walls. As the court stated: " The bridge was inaccessible without them and they were necessary to its protection."

In *Schell* v. *Town of German Flats* (54 Misc. 445), cited by claimant, the structure held to be an approach was constructed of masonry occupying a space between two bridges and built over low lands covered with water when the river overflows and at other times with water standing in pools.

In the case of *City of Bloomington* v. *I. C. R. R. Co.* (154 Ill. 539, at p. 544) it was said: " The approaches to a bridge are the ways at the ends of it which are parts of the bridge itself or are appendages to it."

In *Hubbard* v. *Montgomery County* (140 Iowa, 520, at p. 522) it was said: " The construction whether of plank, stone, dirt, or other material necessary to enable persons using the bridge to pass from it to the roadway at either end may properly be considered an approach to the bridge."

In *Wilson* v. *Barnstead* (74 N. H. 78) it was held that a person is traveling upon a bridge when he is traveling over that part of the way which is above the abutments and other essential portions of the structure as well as when he is traveling on the part spanning the stream.

Whether the sidewalk was an approach to the bridge to be maintained by the State is a question of fact to be determined from the evidence. As before stated, the sidewalk at the place of the accident was not on or abutting on State land. It was in front of private property and on a village street. It has not been shown by whom the sidewalk existing in 1914 was laid, and so far as the evidence discloses there was no obligation on the part of the State to replace the existing sidewalk. It was apparently a voluntary act and of itself placed on the State no responsibility of maintenance. The sidewalk was not over any appendage of the bridge. It did not connect the bridge with the roadway. It was built on the roadway. I have been unable to find any authority under which such a sidewalk could be regarded as an approach to be maintained under an obligation to maintain a bridge. If the sidewalk

is such an approach, then so is the entire roadway leading to the bridge. To require the State to maintain the entire roadway from East Bank street to the bridge is manifestly not within the meaning or intent of the statute requiring the maintenance of the bridge.

An engineer at the trial designated the sidewalk as an approach to the bridge. The walk, of course, leads to the bridge and, therefore, approaches it and that is all that the witness meant.

The term " bridge " was defined in *Wilson* v. *Barnstead (supra)* as including the abutments, if any, upon which the portion of the bridge specially designed for travel rests and all other portions of the structure that are required to render it complete according to the plan on which it is built.

Such a definition does not include the sidewalk in question here, at least that part of it on which the accident occurred. It may be that so far as the State land is concerned extending about twenty-seven feet from the bridge the duty of maintenance rested on the State but that is the extent of the State's responsibility.

The claim should be dismissed.

POTTER, J., concurs.